Fox Rothschild
Mail: P. O. Box 5231, Princeton, NJ 08543-5231
212 Carnegie Center
Suite 400
Princeton, NJ 08540
609.896.3600 609.896.1469
WWW.FOXROTHSCHILD.COM

FRANCIS V. COOK
Direct No: 609.896.4587
Email: fcook@foxrothschild.com

April 30, 2026

**VIA ECF**

The Honorable José R. Almonte, U.S.M.J
United States District Court, District of New Jersey
50 Walnut Street
Newark, NJ 07101

**Re: <u>George Harms Construction Co, Inc. v. Gateway Development Commission et als.</u>**
**<u>2:25-cv-17679-SDW-JRA</u>**

Dear Judge Almonte:

The parties submit this joint letter in accordance with the Text Order dated April 27, 2026 to present their respective positions on this Court's jurisdiction to entertain the motion to dismiss filed by the Gateway Development Commission ("GDC") and the cross-motion to amend the complaint filed by Plaintiffs/Appellants George Harms Construction Co., Inc. ("Harms") and Brian Burns ("Burns") (collectively, "Plaintiffs") during the pendency of Plaintiffs' appeal before the United States Court of Appeals for the Third Circuit (Case No. 25-3509).

**<u>Plaintiffs' Position</u>**

For the reasons set forth below, and in Plaintiffs' opposition to GDC's motion to dismiss (ECF #87), Plaintiffs respectfully submit that this Court lacks jurisdiction to proceed on any aspect of this case while the appeal is pending.

It is well settled that "[t]he filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This principle "reflects a longstanding tenet of American procedure." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023). As the Supreme Court has explained, even before the adoption of the modern rules, "it was generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs*, 459 U.S. at 58; *see also*, *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir.

1985) (stating "[a]s a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."); *In re ESML Holdings, Inc.*, 135 F.4th 80, 97 (3d Cir. 2025) (same).

The Supreme Court reaffirmed and expanded the reach of this principle in *Coinbase*. There, the Court held that "[a]n appeal, including an interlocutory appeal, divests the district court of its control over those aspects of the case involved in the appeal," and that "the district court must stay its proceedings" while the interlocutory appeal is ongoing. *Coinbase*, 599 U.S. at 740–41. The Court explained that allowing a case to "proceed simultaneously in the district court and the court of appeals creates the possibility that the district court will waste scarce judicial resources — which could be devoted to other pressing criminal or civil matters — on a dispute that will ultimately" be resolved on appeal. *Id.* at 743. As the Court aptly stated, continuation of proceedings in the district court "largely defeats the point of the appeal." *Coinbase*, 599 U.S. at 743 (quoting *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997)).

Plaintiffs' appeal presents far more than a narrow challenge to an exercise of discretion. In the opening brief before the Third Circuit, Plaintiffs have asked the Court of Appeals to exercise its plenary power to decide the merits of all issues raised on appeal and to enter final judgment.

Plaintiffs' request is grounded in settled authority. In *Thornburgh v. American College of Obstetricians & Gynecologists*, 476 U.S. 747 (1986), the Supreme Court affirmed the Third Circuit's exercise of plenary power on an interlocutory appeal from a denial of a preliminary injunction, holding that the Court of Appeals "had acted properly in deciding the merits, since review of interlocutory appeals was designed not only to permit the defendant to obtain immediate relief, but also, in certain cases, to save the parties the expense of further litigation." *Id.* at 756. The Supreme Court endorsed the Third Circuit's observation that "although this appeal arises from a ruling on a request for a preliminary injunction, we have before us an unusually complete factual and legal presentation from which to address the important constitutional issues at stake." *Thornburgh*, 476 U.S. at 757 (quoting *Am. Coll. of Obstetricians & Gynecologists v. Thornburgh*, 737 F.2d 283, 290 (3d Cir. 1984)). As the Third Circuit has explained, "[i]f a preliminary injunction appeal presents a question of law 'and facts are established or of no controlling relevance,' the panel may decide the merits of the claim." *Pitt News v. Pappert*, 379 F.3d 96, 105 (3d Cir. 2004).

Here, in accord with the cases above, the record is both complete and uncontested. Indeed, GDC's counsel affirmatively admitted that the record before the District Court did not involve any "real factual dispute," was "fully ripe", and has made a motion to dismiss based upon its contention that there are no factual issues that would preclude dismissal. (ECF #44 at 24:3-6, 25:2-5).

The *Coinbase* majority made clear that when the question on appeal is "whether the litigation may go forward in the district court," the entire case is essentially "involved in the appeal." *Coinbase*, 599 U.S. at 741. The same logic applies here. Plaintiffs have asked the Third Circuit to decide not only whether this Court erred in denying the preliminary injunction, but also to adjudicate the constitutionality of the Project PLA in its entirety — encompassing the very claims that GDC now seeks to dismiss. As addressed in Plaintiffs opposition to the GDC's motion to dismiss (ECF #87), because the Third Circuit has been asked to enter final judgment declaring the Project PLA unconstitutional and ultra vires, proceeding with the GDC's motion to dismiss those same claims in this Court would risk directly conflicting with the appellate court's forthcoming decision. The "worst possible outcome" — litigating in the district court only for the court of appeals to reach a different conclusion — would represent a waste of the parties' and the Court's resources. *Coinbase*, 599 U.S. at 743.

GDC may argue that its motion to dismiss is limited to claims other than the compelled speech claim and that those claims are sufficiently distinct to proceed in this Court. This argument should be rejected. Every claim in the Complaint arises from the same common nucleus of operative facts: the GDC's adoption and enforcement of the exclusionary and discriminatory Project PLA against Harms and Burns. These claims are inextricably intertwined. The Third Circuit could make findings that impact all claims. For example, the question of whether the Project PLA exceeds the GDC's delegated authority is directly bound up with the Third Circuit's assessment of whether there was a constitutional violation, including the New Jersey constitution. Indeed, GDC seeks dismissal of Count Five of the Complaint asserting that the Project PLA violates the New Jersey Constitution. The New Jersey Constitution confers a fundamental right to organize and bargain collectively. N.J. Const. art I, § 19. The New Jersey Supreme Court in *George Harms Construction Co. v. N.J. Tpk. Auth*, 137 N.J. 8, 28-29 (1994) found that exclusionary PLAs — exactly like the one here that favors the HCBT to the exclusion of the USW — strike at this "fundamental" constitutional right by allowing the State to select employees' bargaining representatives. *Id*. at 43. Obviously, any unconstitutional act by the GDC exceeds its delegated authority. Similarly, whether the Project PLA exceeded the GDC's authority as exclusionary directly implicates the due process (Count Three), equal protection (Count Four), and Sherman Act (Count Six) claims. Allowing GDC's motion to dismiss to proceed on some claims while the Third Circuit adjudicates the constitutionality of the same PLA under the same facts would create an intolerable and unnecessary risk of inconsistent rulings and would undermine the orderly administration of justice.

During the parties' "meet and confer," the GDC indicated their intention to rely on unpublished and out-of-jurisdiction cases to support their position, but even if those cases had any binding effect, they are inapposite. In *Ocean Grove Camp Meeting Ass'n Of The United Methodist Church v. Papaleo*, No. CIV.A.07-3802(JAP), 2007 WL 3349787, at n.2 (D.N.J. Nov. 7, 2007) the Court invoked a narrow exception applicable to appeals from preliminary-injunction rulings, noting in a footnote that a district court may "proceed to determine the action on the merits" during such an appeal. That circumstance is materially different from the posture here, where Plaintiffs

have asked the Third Circuit to exercise plenary power to resolve the merits and enter final judgment, bringing all issues within the "aspects of the case involved in the appeal" that *Griggs* and *Coinbase* require this Court to refrain from deciding. The case *Att'y Gen. v. Dow Chem. Co.*, No. 23-2449 (RK) (JBD), 2024 WL 3361395 (D.N.J. July 9, 2024), for its part, concerned a motion to stay a remand order after the certified remand had already divested the district court of jurisdiction; the court denied a discretionary stay and explained that *Coinbase* could not be stretched to stay state proceedings post-remand. Neither case permits this Court to decide merits motions that overlap with the pending appeal; if anything, they reinforce that once jurisdiction shifts to the Court of Appeals, the District Court must stand down.

Counsel for the GDC indicated that there are also "practical considerations" that warrant the District Court deciding the motions now, but refused to elaborate on what those are.[1] Any such argument must fail for several reasons. First, practical considerations are not an exception to the *Griggs* doctrine. *See Sheet Metal Workers' Int'l Ass'n Loc. 19 v. Herre Bros.*, 198 F.3d 391, 394 (3d Cir. 1999) ("Exceptions to the rule in Griggs allow the district court to retain jurisdiction to issue orders staying, modifying, or granting injunctive relief, to review applications for attorney's fees, to direct the filing of supersedeas bonds, to correct clerical mistakes, and to issue orders affecting the record on appeal and the granting or vacating of bail.") Second, because the Court denied the injunction, there is nothing in this case that is preventing the GDC from moving forward with the Project. Third, the GDC's motion would not resolve the entirety of the case and so whatever concerns the GDC has by the active litigation will remain. Finally, the other pending litigation matters that center on the Project's funding have a far greater impact on the status of the Project than this case and proceeding in this matter does not affect those cases in any respect.

Any practical considerations weigh in Plaintiffs' favor. If the Third Circuit exercises its plenary power to enter final judgment on the merits as Plaintiffs have requested, GDC's motion to dismiss would be rendered moot. Critically, even if GDC disagrees that the Third Circuit should do so, that question will not be decided until the appeal is heard. It is not for the GDC to decide how far the Third Circuit will go. The most prudent and efficient course is to stay all proceedings pending the appeal.

Notably, the Federal Defendants — the Department of Transportation and the Federal Transit Administration — have agreed to take no further action in this matter until the Third Circuit appeal is decided and the Court granted their request, ordering that their responsive pleading is not due until after the appeal is decided (ECF #63). Their recognition that the case should be held in abeyance pending appeal underscores the practical wisdom and judicial economy of maintaining the status quo. It would be anomalous for proceedings to continue against the GDC and the individual defendants while the Federal Defendants sit on the sidelines.

---

[1] Prior to filing, counsel for the GDC indicated their objection to this characterization of the meet and confer "to the extent [Plaintiffs'] position suggests that [the GDC] refused to provide [its] basis for refusing to consent to a stay."

For the foregoing reasons, Plaintiffs respectfully submit that this Court lacks jurisdiction to entertain GDC's motion to dismiss or any other proceedings during the pendency of the Third Circuit appeal. Because the notice of appeal divests this Court of jurisdiction over all aspects of the case involved in the appeal, this Court should decline to decide the motions before the district court pending final resolution of the issues on appeal.

**GDC's Position**

The District Court Retains Jurisdiction to Adjudicate the Merits

Under long-standing and well-established law, Plaintiffs' notice of appeal from this Court's denial of a preliminary injunction does not divest the Court of jurisdiction over the merits of Plaintiffs' claims. Plaintiffs' pending interlocutory appeal has placed before the Third Circuit a limited question: whether the District Court erred in denying Plaintiffs' motion for a preliminary injunction pending final resolution of their claims. The Third Circuit has squarely held that "in an appeal from an order granting or denying a preliminary injunction, a district court may nevertheless proceed to determine the action on the merits." *United States v. Price*, 688 F.2d 204, 215 (3d Cir. 1982); *see also Ocean Grove Camp Meeting Ass'n of the United Methodist Church v. Papaleo*, No. CIV.A.07-3802(JAP), 2007 WL 3349787, at *2 (D.N.J. Nov. 7, 2007) (noting court's jurisdiction to decide motion to dismiss while appeal from preliminary injunction is pending), *aff'd in part and remanded sub nom. Ocean Grove Camp Meeting Ass'n of United Methodist Church v. Vespa-Papaleo*, 339 F. App'x 232 (3d Cir. 2009). Other circuits agree. *See, e.g.*, *Satanic Temple, Inc. v. Texas Health & Human Serv. Comm'n*, 79 F.4th 512, 513–14 (5th Cir. 2023) (confirming that district court had jurisdiction to rule upon motion to dismiss while appeal from denial of preliminary injunction was pending); *Webb v. GAF*, 78 F.3d 53 (2d Cir. 1996) (confirming that district court retained jurisdiction to adjudicate motions resulting in permanent injunction while appeal from a preliminary injunction was pending); *Caddo Nation of Okla. v. Wichita & Affiliated Tribes*, 877 F.3d 1171 (10th Cir. 2017) (noting that plaintiffs could have pursued different substantive relief on their claims before district court while interlocutory appeal denying temporary restraining order was pending); *Wisc. Mut. Ins. Co. v. U.S.*, 441 F.3d 502, 504 (7th Cir. 2006) (noting that *Griggs* does not prevent district court from "rendering a final decision" while an appeal from a preliminary injunction is pending); *Moltan Co. v. Eagle-Picher Indust., Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995) (confirming that district court had continuing jurisdiction to consider permanent injunction while appeal from preliminary injunction was pending).

These rulings do not conflict with and are in fact consistent with the principles and language in the Supreme Court's decisions in *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982), and *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023)—neither of which address the district court's continued jurisdiction while an appeal from its denial of a preliminary injunction is pending. *Griggs* considered whether the *appellate court* has jurisdiction over an *appeal* when

there are ongoing district court proceedings, and not when a district court has continuing jurisdiction over its own proceedings during a pending appeal. It does not hold that a notice of appeal divests entirely the district court of its jurisdiction, but only that it "divests the district court of its control *over those aspects of the case involved in the appeal*" to avoid the possibility that both courts "would be simultaneously analyzing the same *judgment*." 459 U.S. at 58, 59 (emphases added). Plaintiffs' position on this issue glosses over and completely ignores this critical carve out. Under *Griggs*, the district court is divested of jurisdiction only as to the judgment on appeal—which in this case is an order denying a preliminary injunction. As the cases above demonstrate, the district court retains jurisdiction to adjudicate the merits—such as in the pending motion to dismiss—while the appeal is pending.

As for *Coinbase,* it addresses an entirely different procedural setting—a choice between two mutually exclusive fora—and therefore has no application here. *Coinbase* applied *Griggs* to hold that a stay pending appeal is required where the appeal challenges the denial of a motion to compel *arbitration*. That is because arbitration motions inherently concern the district court's authority to hear the case at all: "[b]ecause the question on appeal is whether the case belongs in arbitration or *instead* in the district court, the entire case is essentially 'involved in the appeal.'" *Id.* at 741 (quoting *Griggs*, 459 U.S. at 58) (emphasis added). Here the case will proceed forward in the district court regardless of the outcome of the appeal. *See Del. State Sportsmen's Ass'n v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 200 (3d Cir. 2024) (explaining the purpose of preliminary injunction is to "preserve the relative positions of the parties" while case proceeds (quoting *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024)). Indeed, the dissent in *Coinbase* explained that expanding the majority's holding beyond appeals from orders denying arbitration to appeals related to motions for preliminary injunctive relief "would upend federal litigation as we know it" and took assurance that "the majority stops short of following its own reasoning to that ominous conclusion" because its decision was limited to "arbitration appeals." *Id.* at 761 (Jackson, J. dissenting). After *Coinbase*, courts continue to hold that a district court retains jurisdiction to adjudicate the case even where an appeal regarding preliminary injunctive relief is pending. *See Att'y Gen. v. Dow Chem. Co.*, No. 23-2449 (RK) (JBD), 2024 WL 3361395 (D.N.J. July 9, 2024) (distinguishing *Coinbase* when denying stay of execution of remand order pending appeal) (collecting cases recognizing limits of *Coinbase*'s holding).[2]

---

[2] Courts in other districts have likewise held that *Coinbase* does not deprive a district court of jurisdiction over proceedings when an appeal of a preliminary injunction is pending. *See N. Miss. Med. Ctr., Inc. v. Quartiz Techs.*, No. 23-00003, 2024 WL 2262684 (N.D. Miss. May 17, 2024) (denying stay pending appeal of denial of motion for preliminary injunction); *SEC v. Reven Hldgs., Inc.*, No. 1:22-cv-03181, 2024 WL 3691603 (D. Colo. Aug. 7, 2024) (denying stay pending appeal of grant of motion for preliminary injunction); *United Farm Workers v. Noem*, No. 1:25-cv-00246, 2026 WL 185064 (E.D. Cal. Jan. 25, 2026) (denying stay pending appeal of grant of motion for preliminary injunction).

The Third Circuit has not only echoed this understanding but also noted that a district court "erred in staying all proceedings" while an appeal from the denial of a preliminary injunction was pending. *Price*, 688 F.2d at 215. This is consistent with the well-established principle that stays pending appeal are granted only in "extraordinary circumstances." *Williams v. Zbaraz*, 442 U.S. 1309, 1311 (1979). As noted below, Plaintiffs have not filed an application for such extraordinary relief. This Court, therefore, has continued jurisdiction to adjudicate the merits of Plaintiffs' claims. Indeed, in *Price* the Third Circuit reminded district courts that in some cases it is error *not* to exercise that jurisdiction.[3]

Neither in their brief opposing GDC's motion to dismiss nor during the parties' meet and confer following the April 24th conference have Plaintiffs identified a single case holding that a pending appeal from the denial of a preliminary injunction divests this Court of jurisdiction to adjudicate the merits. *Cf. Griggs*, 459 U.S. 56 (strictly applying subsequently amended rule of appellate procedure to conclude that the appellate court lacked jurisdiction and avoid two courts exercising jurisdiction over the same judgment); *Coinbase*, 599 U.S. 736 (holding that district court must stay proceedings pending resolution of appeal on arbitrability because issue was whether district court proceedings were appropriate at all). Unlike *Price*, which addresses the precise question presented here, the Third Circuit cases relied upon by Plaintiffs hold only that the district court may not reconsider the very judgment on appeal—which is the very narrow circumstance that *Griggs* sought to prevent. *See Venen v. Sweet*, 758 F.2d 117 (3d Cir. 1985); *In re ESML Holdings, Inc.*, 135 F.4th 80 (3d Cir. 2025); *Sheet Metal Workers' Int'l Ass'n Loc. 19 v. Herre Bros.*, 198 F.3d 391 (3d Cir. 1999).

Finally, even if—contrary to all of the authority on the issue—this Court broadly reads *Griggs*' holding that the district court is divested of jurisdiction "aspects of the case involved in the appeal" to mean the claims on appeal, the Court retains jurisdiction over GDC's motion to dismiss Plaintiffs' claims that are not the subject of their appeal (in other words, all claims except for Counts One and Two).

Plaintiffs' Proposed Amendment Is Futile

As will be addressed fully in GDC's opposition to Plaintiffs' cross-motion for leave to file an amended Complaint due on May 4th, Plaintiffs' cross-motion does not attempt to explain how their proposed amended allegations would address the pleading deficiencies raised in GDC's motion to dismiss. With respect to allegations directed at GDC, Plaintiffs' proposed amendments

---

[3] If the district court adjudicates the matter to final judgment prior to the resolution of the pending interlocutory appeal, the appeal from the final judgment could be consolidated with the pending interlocutory appeal. *See, e.g.*, *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528–29 (6th Cir. 1992).

reside entirely with Counts 3 and 4, which assert due process and equal protection claims.[4] However, none of Plaintiffs' proposed, amended allegations are directed at the fatal deficiencies in those claims, namely the lack of factual allegations (1) that would establish a recognized property interest necessary to plead a viable due process claim, or (2) that identify bidders similar to Harms in all respects necessary to plead a viable equal protection claim. As a result, the proposed amended allegations are futile, and GDC's motion to dismiss Plaintiffs' due process and equal protection claims is the same with or without Plaintiffs' proposed new allegations. As a result, we respectfully submit that the most efficient way to proceed is for the Court to adjudicate the soon-to-be fully briefed motion rather than permit the amendment and require GDC to refile the same motion.

There Is No Basis to Stay the Litigation Pending Resolution of Plaintiffs' Interlocutory Appeal

As noted during the April 24th telephone conference, the parties had discussed before the conference Plaintiffs' request that GDC agree to a stay pending resolution of Plaintiffs' interlocutory appeal. Following the conference, the parties again met and conferred regarding whether, as a practical matter, this Court should stay the proceedings. After additional consideration, GDC's position remains that the District Court should proceed with the litigation, including the motion to dismiss, while the appeal is pending. GDC notes that Plaintiffs were denied injunction pending appeal by the Third Circuit; have not made a motion to the District Court for a stay pending appeal; and have not identified how they would satisfy the standard for the extraordinary relief of a stay of the litigation pending appeal.

Given the public interest in maintaining progress with this critical infrastructure project, GDC intends to award the P3 contract as soon as possible to keep the project moving apace. Plaintiffs' claims nonetheless continue to act as a cloud over GDC's on-going procurement processes, and GDC has an interest in a final resolution of those claims. Because, as set forth above, this Court retains jurisdiction to reach the merits of Plaintiffs' claims, GDC respectfully requests that the Court proceed by adjudicating its motion to dismiss—if not on all claims, then at the very least on those claims not implicated by the interlocutory appeal—which GDC is confident will result in a substantial narrowing of the claims.

[4] The other proposed amendments are to allegations directed at the Federal Transit Administration and the United States Department of Transportation (collectively, the "Federal Defendants"). Based largely on the fact that the Complaint did not have any allegations or seek any relief against the Federal Defendants, *see* ECF No. 63, the Federal Defendants sought, and received, an extension of time to respond to the Complaint until after resolution of Plaintiffs' interlocutory appeal. While GDC takes no position on Plaintiffs' proposed allegations directed at the Federal Defendants, GDC notes that resolution of its pending motion to dismiss on the existing Complaint would leave intact the current schedule with respect to the Federal Defendants.

**Federal Defendants' Position**

The Court should continue to stay the Federal Defendants' answer deadline pending the Third Circuit's resolution of Plaintiffs' interlocutory appeal. ECF No. 63. Because of the district court's current stay of the Federal Defendants' answer deadline, the Federal Defendants take no position on whether the district court should stay the entire case pending appeal for lack of jurisdiction.

The parties thank you for your attention to this matter.

Respectfully,

*/s/ Francis V. Cook*
Francis V. Cook
Jonathan D. Ash
Corinne B. DeBerry
**FOX ROTHSCHILD LLP**
212 Carnegie Center
Suite 400
Princeton, NJ 08540
(609) 896-3600

*/s/ Ronald J. Riccio*
Ronald J. Riccio
**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1300 Mount Kemble Ave.,
P.O. Box 2075
Morristown, NJ 07962
(973) 993-8100

*/s/ Kevin J. Coakley*
Kevin J. Coakley
Mitchell W. Taraschi
**CONNELL FOLEY LLP**
56 Livingston Ave.
Roseland, NJ 07068
(973) 535-0500

cc: All Counsel of Record (via ECF)